# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BILLY GENE SIZEMORE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0657** (BOR Appeal No. 2048266)
(Claim No. 940008036)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**JET COAL SERVICES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Billy Gene Sizemore, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated June 14, 2013, in which the Board remanded a March 22, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 12, 2012, decision which denied a request for the medications Levaquin, Prednisone, Combivent, Neurontin, Qvar, Spiriva, and Theophylline. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Sizemore, a roof bolter, was injured in the course of his employment on August 17, 1993, when he was struck by a shuttle car and pinned. He suffered multiple crush injuries, including a chest wall deformity that caused restrictive lung disease. He requested the medications Levaquin, Prednisone, Combivent, Neurontin, Qvar, Spiriva, and Theophylline. The claims administrator denied his request on June 12, 2012, finding that the medications were not for the treatment of the compensable injury.

The Office of Judges affirmed the claims administrator's decision in its March 22, 2013, Order. It found that a preponderance of the evidence did not support the authorization of the medications. The medications were found to be primarily for the treatment of asthma and chronic obstructive pulmonary disease, neither of which are compensable conditions in the claim. Though Mr. Sizemore suffered a left chest wall deformity, it has been stable over the years. The Office of Judges found that the treatment notes of his treating physician, Vishnu Patel, M.D., do not support the conclusion that the medications are necessary to treat the compensable injury. Furthermore, Dr. Patel agreed with the claims administrator in a phone conference that most of the treatment he rendered was not for the compensable injury.

The Board of Review remanded the case to the Office of Judges in its June 14, 2013, decision. Mr. Sizemore submitted a letter to the Board of Review in which he indicated that two physicians' reports should have been considered before the Office of Judges but were not. He submitted the September 5, 2012, report of Dr. Patel and the January 19, 2012, report of Charles Porterfield, D.O., both of which support his position. The Board of Review determined that the reports were not included in the record considered before the Office of Judges. The Board of Review notified the parties that it was considering Mr. Sizemore's letter as a motion to remand. The West Virginia Office of the Insurance Commissioner stated to the Board of Review that it posed no objection to the motion to remand. The Board of Review therefore found that additional evidence was necessary for a full and complete development of the facts of the claim. It accordingly remanded the case to the Office of Judges with instructions to issue a new time frame Order to allow for a full and complete development of the evidentiary record. It also ordered the Office of Judges to consider Dr. Patel's September 5, 2012, report and Dr. Porterfield's January 19, 2012, report as well as any additional evidence submitted. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II